UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA GALINDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 3:21-cv-08133-JSC<br><br>**ORDER TO SHOW CAUSE RE: STANDING FOR FOURTH AMENDMENT CLAIM - FEBURARY 22 HEARING**<br><br>Re: Dkt. No. 55 |

On October 10, 2020, San Francisco Police Officers shot and killed Cesar Vargas. Dora Galindo, Juan Antonio Vargas, and Rocio Anel Vargas, the mother, father, and sister of Vargas, sue San Francisco Police Officer Kyle Roach and Sergeant Nicholas Delgado and the City and County of San Francisco (the "City") on behalf of themselves and as successors in interest to Vargas. Plaintiffs allege the Defendant Officers violated Vargas's constitutional rights under the First, Fourth, and Fourteenth Amendments and violated various state laws. Defendants move for summary judgment on all claims. (Dkt. No. 55.)

This Court has subject matter jurisdiction because Plaintiffs assert a federal cause of action: Plaintiffs' first cause of action, brought under 42 U.S.C. § 1983, asserts Defendants violated Cesar Vargas's First, Fourth, and Fourteenth Amendment Rights. (Dkt. No. 34 ¶¶ 34-43.) In their motion for summary judgment, Defendants assert Plaintiffs lack standing to bring their only federal claim. (Dkt. No. 55 at 18.) Plaintiffs do not respond to this argument in their opposition. (*See* Dkt. Nos. 57, 63.) As Plaintiffs' Fourth Amendment standing might be able to be cured, the Court addresses the Fourth Amendment standing at this time and in advance of the February 22, 2024 motion hearing.

## DISCUSSION

"[T]he general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), *as amended* (Nov. 24, 1998) (citing 42 U.S.C. § 1988(a)). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Id.* "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Id.*

In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30; *see also Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) ("California's statutory requirements for standing to bring a survival action are stated under California Code of Civil Procedure § 377.30.") The Law Revision Commission comment to section 377.30 explains "[t]he distributee of the cause of action in probate is the successor in interest or, if there is no distribution, the heir, devisee, trustee, or other successor has the right to proceed under this article." Cal. Civ. Proc. Code § 377.30 (citing Cal. Civ. Proc. Code § 377.11 (defining "successor in interest" as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action")).

### A. Dora Galindo and Juan Antonio Vargas

Dora Galindo and Juan Antonio Vargas are Cesar Vargas's parents. (Dkt. No. 34 ¶ 3.) California's interstate succession statute indicates if there is not surviving spouse or children of the decedent, then a decedent's estate passes "to the decedent's parent or parents equally." Cal. Prob. Code § 6402(b). There is no evidence Cesar Vargas had a surviving spouse or children. So, Dora Galindo and Juan Antonio Vargas may be the intestate successors of Cesar Vargas's estate.

2

1 However, at this time, Dora Galindo and Juan Antonio Vargas lack standing to bring a § 1983 claim because they have not complied with California law governing "successor in interest" suits. According to California law, to proceed as a decedent's "successor in interest" individuals must "execute and file an affidavit or a declaration under penalty of perjury." Cal. Civ. Proc. Code § 377.32. The affidavit or declaration must include, among other things, the decedent's name, a statement "[n]o proceeding is now pending in California for administration of the decedent's estate," a statement indicating the affiant is the decedent's successor in interest or authorized to act on behalf of the decedent's successor in interest and "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding," and a certified copy of the decedent's death certificate. *Id.*

In the first amended complaint, Dora Galindo and Juan Antonio Vargas allege they are "the Successors in Interest to decedent Cesar Antonio Vargas pursuant to California Civil Code of Civil Procedure Section 377.30 et seq. [sic]." (Dkt. No. 34 ¶ 3.) Dora Galindo and Juan Antonio Vargas have not provided any affidavit or declaration satisfying California Civil Procedure Code § 377.32's requirements. So, Dora Galindo and Juan Antonio Vargas do not yet have standing to assert a Fourth Amendment claim under § 1983. *See, e.g.*, *Kirby v. AT&T Corp.*, No. 21-CV-1680 BEN (BGS), 2022 WL 1227993, at *1 (S.D. Cal. Apr. 26, 2022) (dismissing claim with leave to amend based on the plaintiffs' failure to submit the required § 377.32 affidavit); *Hayes*, 736 F.3d at 1229 (remanding section 1983 claim to district court because the record was silent as to whether the plaintiff "filed the affidavit necessary under California law to commence a survival action as a decedent's successor in interest").

### B. Rocio Anel Vargas

Rocio Anel Vargas is Cesar Vargas's sister. (Dkt. No. 34 ¶ 3.) California's interstate succession statute indicates if there is no surviving spouse or children of the decedent, then a decedent's estate passes "to the decedent's parent or parents equally." Cal. Prob. Code § 6402(b). Only "[i]f there is no surviving issue or parent" does the estate pass to the siblings of the decedent. Cal. Prob. Code § 6402(c). Rocio Anel Vargas has not provided any affidavit or declaration satisfying California Civil Procedure Code § 377.32's requirements. Nor has she explained how

3

she qualifies as a successor in interest for Cesar Vargas.  So, based on the summary judgment record, Rocio Anel Vargas does not have standing to assert a Fourth Amendment claim under § 1983 at this time.

## CONCLUSION

For the reasons discussed above, the Court ORDERS Plaintiffs to, on or before February 20, 2024, file an affidavit or declaration satisfying the requirements of California Civil Procedure Code § 377.32.  Failure to do so may result in dismissal of the Fourth Amendment claim for lack of standing.

**IT IS SO ORDERED.**

Dated: February 13, 2024

JACQUELINE SCOTT CORLEY
United States District Judge